IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| RODNEY BRISCO, as Administrator for the ESTATE OF MICHAEL BRISCO, | : : : : |
| Plaintiff, | : Case No. 3:20-cv-00643-E |
| v. | : : |
| LANCASTER, TEXAS, et al., | : : |
| Defendants. | : : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BEAUCHAMP'S
PARTIAL MOTION TO DISMISS**

AND NOW, Plaintiff, Rodney Brisco, by and through his counsel, S. Lee Merritt, Esquire, files this Response in Opposition to Defendant Beauchamp's Partial Motion to Dismiss, and in support thereof states as follows:

This lawsuit arises from the wrongful and unwarranted killing of Michael Brisco by Defendant Beauchamp. On March 18, 2018, Defendant Beauchamp and another officer initiated an illegal, pre-textual stop of Mr. Brisco.  Mr. Brisco then attempted to end the pre-textual encounter by reversing his vehicle away from the officers. At that time, without provocation or threat of danger, Defendant Beauchamp jumped onto the hood of Mr. Brisco's vehicle and immediately began discharging his firearm repeatedly toward, and ultimately striking and killing, Mr. Brisco.

By choosing to shoot and kill Mr. Brisco when Mr. Brisco was merely attempting to terminate an illegal stop, Defendant Beauchamp used more force than necessary to effectuate any potential arrest of Mr. Brisco and therefore, acted outside of his privilege as a protected officer under the color of the law.

Defendant Beauchamp is not entitled to the dismissal of intentional tort claims under the Texas Tort Claims Act as he acted outside of his privilege as an officer. Therefore, this Honorable Court has supplemental, subject-matter jurisdiction over Count III of Plaintiff's complaint pursuant to 28 U.S.C. § 1367. For these reasons, this Court should deny Defendant Beauchamp's partial motion to dismiss.

1. **Standard of Review—Motion to Dismiss**

A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[1] In a facial challenge, the court is required to accept all of the complaint's factual allegations as true, "and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration."[2] That protection includes the presumption against dismissing a complaint.[3]

2. **This Court does have subject-matter jurisdiction over Count III as Jurisdiction is properly pleaded in Plaintiff's complaint.**

The Texas Torts Claims Act ("TTCA") provides certain protections from legal ramifications for actions made by government officials when acting within their scope of employment.[4] When a government official commits acts that fall outside of the scope of their duties, that official is no longer entitled to the privilege and protections of the TTCA. Under the color of Texas law, a police officer is privileged to "use force to the degree he reasonably believes necessary to make an arrest, taking care that the force is commensurate with the

---

[1] Choice, Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012); see also Williams v. Wynne, 533 F.3d 360, 365 n.2 (5th Cir. 2008) (stating that the standard for reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)).
[2] Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).
[3] United States v Blakeman, 997 F.2d 1084, 1089 (5th Cir. 1992), cert den. 510 U.S. 1042 (1994)(there is "presumption" against dismissing complaint under Rule 12(b)(6)).
[4] Tex. Civ. Prac. & Rem. Code §§ 101.001-109.

necessity."[5] However, an officer may be civilly liable for assault if he uses more force than reasonably necessary to effectuate the arrest.[6]

While Defendant Beauchamp was on duty in his capacity as an officer, his use of unnecessary and unwarranted force revoked any privileged protections from civil liability.[7] In the instant case, Defendant Beauchamp initiated a pre-textual stop of Mr. Brisco. Because neither Defendant Beauchamp nor his partner possessed any legitimate basis for the stop, Mr. Brisco attempted to terminate the encounter by backing away from the officers. Mr. Brisco's car was not moving to cause harm to the officers, but instead to terminate the encounter as was Mr. Brisco's right. At that time, without provocation or threat of danger, Defendant Beauchamp jumped onto the hood of Mr. Brisco's vehicle and immediately began discharging his firearm striking and killing Mr. Brisco.

By viewing these facts, which are those most favorable to the non-moving party and pleaded in Plaintiff's complaint, it is clear Defendant Beauchamp used more force than necessary to effectuate any potential arrest of Mr. Brisco and therefore, acted outside of his privilege as a protected officer under the law. Thus, especially at such an early stage in litigation when the alleged "exonerating video" has yet to be produced, Defendant Beauchamp is not entitled to the dismissal of intentional tort claims under the TTCA.

---

[5] State Dep't of Public Safety v. Pivetta, 44 S.W.3d 575, 579 (Tex. 2001).
[6] Id.
[7] See, Pl.'s Compl. ¶¶44-46.

Therefore, this Honorable Court has supplemental, subject-matter jurisdiction over Count III of Plaintiff's complaint pursuant to 28 U.S.C. § 1367. As such, the court should deny Defendant Beauchamp's partial motion to dismiss.

                                    Respectfully submitted,

                                    **MERRITT LAW FIRM**

                                    <u>/s/ *S. Lee Merritt*</u>
                                    S. Lee Merritt, Esquire
                                    1910 Pacific Ave., Suite 8000
                                    Dallas, TX 75201
                                    (215) 545-8800
                                    lee@leemerrittesq.com

Dated:<u> April 17, 2020</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| RODNEY BRISCO, as Administrator for the ESTATE OF MICHAEL BRISCO, | : : : : |
| Plaintiff, | : Case No. 3:20-cv-00643-E |
| v. | : : |
| LANCASTER, TEXAS, et al., | : : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, S. Lee Merritt, Esq., hereby certify that the foregoing response in opposition to Defendant Beauchamps' Motion for Partial Dismissal was filed via the Court's electronic filing system and thereby served upon all counsel of record.

Respectfully submitted,

**MERRITT LAW FIRM**

*/s/ S. Lee Merritt*

5