IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY BRISCO, AS ADMINISTRATOR FOR THE ESTATE OF MICHAEL BRISCO, § § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:20-cv-00643-E |
| § CITY OF LANCASTER, TEXAS, and ZACHARY BEAUCHAMP, § § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendant City of Lancaster, Texas's Motion to Dismiss Under Rule 12(b)(6) (Doc. 8) and defendant Zachary Beauchamp's Partial Motion to Dismiss Under Rule 12(b)(1) (Doc. 10). Plaintiff Rodney Brisco, as administrator for the Estate of Michael Brisco, did not respond to the motion to dismiss filed by City of Lancaster, Texas (Lancaster) and, in the parties' Joint Status Report (Doc. 19), represents that he does not oppose the motion. Accordingly, the Court finds that Lancaster's motion should be granted. And, having carefully considered Beauchamp's motion, the parties' briefing, and applicable law, the Court finds that motion also should be granted for the following reasons.

### BACKGROUND

The following is taken from plaintiff's complaint (Doc. 1).

On or about March 18, 2018, at approximately 7:00 p.m., Michael Brisco (Brisco) was sitting in his parked vehicle near the 1600 block of Dewberry Boulevard in Lancaster, Texas. Lancaster police officers Shane Lemoine and Beauchamp approached Brisco and demanded to see his identification. Brisco complied, and the officers ordered Brisco to exit his vehicle. He

1

refused, asking why he was being ordered out of the vehicle. Brisco attempted to end the encounter by reversing his vehicle away from the officers. Beauchamp jumped onto the hood of Brisco's vehicle and began discharging his firearm repeatedly. Beauchamp struck Brisco at least two times, killing him.

Plaintiff asserts state law claims for assault and battery against Beauchamp and claims against both Beauchamp and Lancaster for Beauchamp's "use of excessive and deadly force under the color of state law … in violation of [Brisco's] rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983." Beauchamp moves to dismiss the assault and battery claims.

## LEGAL STANDARDS

A district court properly dismisses a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Here, Beauchamp moves to dismiss, and the Court is basing its decision, on the allegations in the complaint alone.

## ANALYSIS

Beauchamp contends he is entitled to dismissal of plaintiff's state law assault and battery claims pursuant to section 101.106(f) of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.006(f). The TTCA waives sovereign immunity in certain instances to allow suit against Texas governmental entities. *See* CIV. PRAC. & REM. § 101.001-

.019. Section 101.106(f), an election of remedies provision, provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

CIV. PRAC. & REM. § 101.006(f). Thus, a defendant is entitled to dismissal under section 101.106(f) if the plaintiff's claim (1) is based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the TTCA. *Garza v. Harrison*, 574 S.W.3d 389, 399–400 (Tex. 2019); *Tipps v. McCraw,* 945 F. Supp.2d 761, 766 (W.D. Tex. 2013). The TTCA strongly favors dismissal of suits against government employees. *Tipps,* 945 F. Supp.2d at 766.

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by a competent authority." CIV. PRAC. & REM. § 101.001(5). Even wrongful or negligently performed conduct may be within an employee's scope of employment as long as the conduct was "related to the performance of [the employee's] job." *Hopkins v. Strickland*, No. 01-12-000315-CV, 2013 WL 1183302, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.); *see Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) ("The scope-of-employment analysis, therefore, remains fundamentally objective: Is there a connection between the employee's job duties and the alleged tortious conduct? The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities."). "[A]n employee's act is not within the scope of employment when it occurs

within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (quoting Restatement (Third) of Agency § 7.07(2) (2006)).

Here, plaintiff alleges that Beauchamp is an employee of Lancaster's police department and, at the time of the assault and battery, was "acting within the course and scope of his duties as a police officer" (Doc. 1, p. 8). Further, plaintiff complains of Beauchamp's conduct during the course of Beauchamp's and Lemoine's investigatory stop of Brisco. Accordingly, Beauchamp's conduct was within the general scope of his employment.

Plaintiff, however, asserts that, although Beauchamp was on duty in his capacity as a police officer, the stop of Brisco was pretextual and Beauchamp's "use of unnecessary and unwarranted force revoked any privileged protections from civil liability" (Doc. 14, p. 3). The Court disagrees. The fact that Beauchamp's conduct may have been wrongful does not remove it from the scope of his employment for purposes of section 101.106(f). *See, e.g., Orr v. Copeland*, No. A-14-CV-212-LY, 2015 WL 3901654, at *2 (W.D. Tex. June 23, 2015), *report and recommendation adopted*, 2015 WL 13216862 (W.D. Tex. July 17, 2015) ("police officer who uses excessive force is still acting within the 'scope of employment' for purposes of the TCCA"); *Tipps,* 945 F. Supp.2d at 766–67 (although officers lacked probable cause to arrest plaintiff, they were generally acting within the scope of their duties to investigate a potential crime, apply for a warrant, and make an arrest); *Herrera v. Aguilar*, No. SA–10–CV–00569–DAE, 2013 WL 4784125, at *3–4 (W.D. Tex. Sept. 6, 2013) (correctional officer's conduct in striking plaintiff, even if it was an "overzealous misuse of … authority under the circumstances," was within the scope of officer's employment). Accordingly, accepting the complaint's allegations and viewing them in the light most favorable to plaintiff, the Court finds the assault and battery claims are based on conduct by Beauchamp that is within the general scope of his

4

employment and, thus, satisfy the first element for application of section 101.106(f).

As to the second element, the Texas Supreme Court has held that "all [common-law] tort theories alleged against a governmental unit ... are assumed to be 'under [the Tort Claims Act]' for the purposes of section 101.106." *Franka v. Velasquez*, 332 S.W.3d 367, 369, 381 (Tex. 2011) (brackets in original) (citing *Mission Consol. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).  Therefore, the Court finds the assault and battery claims are claims that could have been brought against Lancaster under the TTCA.  *See Franka*, 332 S.W.3d at 369*; Orr*, 2015 WL 3901654, at *2.  Both elements required for section 101.106(f) to apply being satisfied, statutory immunity applies and the Court must dismiss the assault and battery claims.

## CONCLUSION

Lancaster's Motion to Dismiss Under Rule 12(b)(6) (Doc. 8), which is unopposed, is **GRANTED**.  Plaintiff's claim against Lancaster for municipal liability is **DISMISSED** with prejudice.

Because the alleged assault and battery occurred within the scope of Beauchamp's employment and plaintiff could have brought that claim against Lancaster under the TTCA, Beauchamp's Partial Motion to Dismiss Under Rule 12(b)(1) (Doc. 10) is **GRANTED**.  Plaintiff's claims against Beauchamp for assault and battery are **DISMISSED** with prejudice.

**SO ORDERED**; signed October 21, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

5